## RICE v. UNITED STATES.
### No. 14553.

United States Court of Appeals
Fifth Circuit.
Nov. 18, 1953.

Leon S. Epstein, William H. Rice, in pro. per., Atlanta, Ga., for appellant.

J. Saxton Daniel, U. S. Atty., Julian Hartridge, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

This motion to vacate sentence [1] was presented to the trial court by the movant without counsel. As such, it contained only broad and general attacks upon the sentence under which the movant is held in custody in the United States Penitentiary in Atlanta. These relate primarily to assertions that the Court improperly revoked probation; that the terms of probation which had been complied with, that is, the payment of a fine and the making of restitution, exhausted the Court's power to impose other punishment; and that the sentence imposed was illegally increased by the Court. This motion, which the Court's order recites to be the second presented, was denied, and this appeal followed. Retained counsel for appellant appeared before us by brief and in argument and has submitted for the first time here additional points of attack upon the jurisdiction of the Court and the validity of the sentence under which the appellant is held. These, of course, were not brought to the attention of the trial court. The appellant has also filed a brief signed individually. Both appellant, in his motion and brief, and his counsel, by brief and argument, disdain any attempt to obtain the imposition of any other or different sentence, or the remand of the case to any other court. As phrased by the appellant, "It is too late to start over again." It appears that appellant will be eligible for discharge from custody, with good time allowance, in March, 1954, and the closeness of this date undoubtedly induces the position that the ruling should be only one directing discharge from custody. Under the circumstances, we determine the case on the basis requested. We have therefore considered the questions presented only with reference to the claimed right of the appellant to an outright discharge, free from any further proceeding, and refrain from any discussion or decision of the points presented as they may relate to the technical right of the appellant to be resentenced or to have the case determined by the U. S. District Court for the District of Columbia, in which the indictments were originally returned.

Neither the record nor the argument shows any ground which would authorize the outright and final release of the appellant from custody. Consequently, the judgment of the trial court which denied this relief is

Affirmed.

[1]. Brought as provided by 28 U.S.C.A. § 2255.